## JACOB MICHELS v. HENRY STORK.

*Attachment—Return of service—Appearance generally—Appraisal—Liability for trespass in serving writ.*

A return of a justice's writ of attachment not personally served, does not confer jurisdiction, under Comp. L., § 5276, if it appears only that it had been left at defendant's "usual place of abode, with his wife," who is informed of its contents.

A general appearance before a justice cannot be considered a submission to the jurisdiction in attachment, when taken in connection with defendant's motion to dismiss the writ for want of proper service.

An officer levying an attachment on property of which a certain amount is exempt from execution, must appraise it and give the defendant an opportunity to select that which he is entitled to retain, whether a writ is issued by a justice or from the circuit court. Comp. L., §§ 6102–3.

The plaintiff in attachment is not liable as a trespasser for the omissions of the officer to serve the writ properly, or to give the defendant an opportunity to select such property as he was entitled to under the statutory exemption. If the writ was valid when issued, the officer's subsequent acts or omissions will not render the plaintiff a trespasser *ab initio.*

Error to Superior Court of Detroit. Submitted April 27. Decided June 11.

TRESPASS ON THE CASE by Stork against Michels for damages resulting from the wrongful levy of an attachment on machinery of the plaintiff, whereby he was prevented from carrying on his business. The return to the writ of attachment, which was issued from a justice's court, was as follows : "By virtue of the within attachment, I, John Gnau, on the 10th day of August, 1874, seized the goods and chattels of the defendant mentioned in the inventory, of which the annexed is a copy, and on the 12th day of August, 1874, I served upon the defendant personally a copy of the within attachment, and of the said inventory, duly certified by me, by leaving the same at his usual place of abode, with his wife, a suitable person, of age and discretion, whom I informed of its

contents. John Gnau, constable." The statutory require-
ment as to service of writs of attachment issuing from a
justice's court is as follows: "If the defendant cannot be
found within the county, the constable shall leave a copy of
the attachment and inventory, certified by him, at the last
place of residence of the defendant, if there be any such
place within the county, and if not, then by leaving the same
with any person in whose possession such goods and chattels,
moneys and effects, may be found." Comp. Laws, § 5276.
Plaintiff below recovered judgment and the defendant brings
error. Reversed.

*Wm. B. Jackson* and *Henry M. Cheever* for plaintiff in
error. A party to an attachment proceeding is not liable *ab
initio* for the misdoings of the officer in making service.
Freeman on Judgments 481; *Bank of Missouri v. Fran-
ciscus* 15 Mo. 308; *Simpson v. Hornbeck* 3 Lans. 53;
*Kaley v. Shed* 10 Met. 317; *Bringard v. Stellwagen* 41
Mich. 56.

*B. T.* and *Geo. H. Prentis* for defendant in error.

MARSTON, C. J. The return made by the constable to the
writ of attachment did not show proper service of the writ,
and gave the justice no jurisdiction to proceed and render
judgment in the cause. *Nicolls v. Lawrence* 30 Mich. 396;
*Town v. Tabor* 34 Mich. 263; *Adams v. Abram* 38 Mich.
302–4.

On the return day the defendant appeared and moved to
dismiss the writ because no proper service was shown by the
return. This was not such an appearance as would give the
justice jurisdiction. A justice of the peace may acquire
jurisdiction over the person either on a return showing
proper service of the writ, or on the voluntary appearance of
the defendant. But where the defendant appears and objects
to the jurisdiction because no proper service of the writ ap-
pears to have been made, we do not see how this can be con-
sidered as a submission to the jurisdiction. It has been
assumed that the defendant must declare that he appears

specially for the purpose of making his motion or objection, and for no other purpose, or that jurisdiction will be conferred because of his general appearance. No doubt a general appearance would confer jurisdiction, but the appearance and objection then made should be considered together; and so considered the objection or motion made limits and explains the appearance, and clearly indicates an intention not to confer a jurisdiction where one is wanting. This, to my mind, is the more reasonable and sensible doctrine, does away with needless technicality, and certainly injures no one, while it promotes justice and prevents a grasping at shadows.

The levy having been made upon property of a species exempt from execution to a specified value, it was the duty of the officer to have the property appraised and give the defendant an opportunity to make his selection under the statute. Comp. L., §§ 6102–3. These provisions are equally applicable to justice court as to circuit attachments. The fact that the defendant may, at the time of the levy, have said the property seized belonged to his brother, would not be conclusive and would not excuse the officer. If the officer believed such statement, then he had no right whatever to seize the property at all, as his writ did not command him to take any but the property of the defendant therein; and if he seized it as his property under the writ, then it was his duty to give the defendant an opportunity to make his selection under the statute.

The defendant in this case was present at the time of such seizure and directed the same, but we do not understand that he was in any way the cause of the errors thereafter committed by the officer. If the officer did not give the defendant in the attachment suit an opportunity to make his selection, or did not properly serve the writ on the defendant, for such omissions he would be responsible, but the plaintiff in the attachment proceedings would not thereby become liable as a trespasser. At the time the levy was made under the attaching plaintiff's instructions, the writ was a valid one and protected both himself and the officer in such seizure. And the

acts of the officer afterwards in failing to perform his duty would not render the plaintiff a trespasser *ab initio*.

Under this view the other questions raised are not material, and will not be passed upon.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.