(Decided 18th June, 1890.)

---

JOHN · A. HAMBLETON and EDWARD T. HAMBLETON, trading as JOHN A. HAMBLETON & Co. *vs.* JOHN GLENN, Trustee of THE NATIONAL EXPRESS AND TRANSPORTATION COMPANY.

*Stockholders—Liability for Unpaid subscriptions—Estoppel.*

In an action to recover an assessment upon unpaid shares of stock of an insolvent corporation, the defendants, whose petition seeking to have reviewed and reversed the decree establishing the indebtedness of the corporation, ordering an assessment, and appointing the plaintiff trustee to collect the same, was dismissed, are estopped from pleading as a defence, any matter or thing against said decree which was or might have been availed of or alleged in said petition.

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court. The jury gave a verdict for the plaintiff for $9479.40, and the

Court (Duffy, J.) rendered judgment therefor.    The defendants appealed.

The cause was argued before Alvey, C. J., Robinson, Irving, Fowler, and McSherry, J.

*J. Southgate Lemon*, and *Bernard Carter*, for the appellants.

*John Howard*, for the appellee.

Alvey, C. J., delivered the opinion of the Court.

This case is substantially the same in fact and principle as the preceding case of *Hambleton & Co. vs. Glenn, Trustee, ante p*. 331, with the difference only that this is a case for the recovery of an additional assessment of 50 per cent. of the par value of the same shares of stock in respect of which the defendants were sued in the preceding case to recover the assessment of 30 per cent. of such shares. The supplemental order or decree of the Virginia Court, under which this last assessment was made, is dated the 26th of March, 1886, and is in substance set forth in the declaration in this case.

The pleadings here are somwhat different from those of the preceding case, and the legal questions thereon were presented in a varied form; but the issues of fact were the same, and their trial resulted in the same conclusion and judgment as in the former case.    We refer to our opinion in that case as decisive of the principal questions in this.

In the preceding case there were five pleas, the third and fourth of which were demurred to by the plaintiff. In this case there were seven pleas; to the third, fourth and fifth of which demurrers were entered by the plaintiff, and which demurrers were sustained by the Court; and to the sixth plea there were two special replications

Hambleton & Co. *vs.* Glenn, Trustee.

by the plaintiff, to both of which the defendants demurred, and which demurrers were overruled.

The third plea in this case sets up as a defence, that *prior* to the passage of the decree of the 26th of March, 1886, making the call of 50 per cent. of the par value of the stock, the plaintiff, with the consent of the creditors of the company, and without the permission of the defendants, released a large number of the stockholders of the company, from all liability to the plaintiff and to the creditors, for the payment of any further sum on their stock; and that none of such stockholders or shares released were charged with or paid any part of the assessment of the $50 per share sued for in this action, or contributed towards payment of the company's debts anything over or beyond the $30 per share and interest, called for by the decree of December 14th, 1880, mentioned in the declaration: That by reason of such release of said shares and shareholders the decree of March 26th, 1886, does not operate upon or affect said stockholders and shares of stock released prior to the passage of said decree; and does not make a call or assessment bearing equally and impartially upon all the stockholders and shares of stock alike; and that by reason of the facts and release aforesaid, the call or assessment sued for in this action is unequal, unjust and illegal. The fifth plea is substantially the same as the third, only alleging the facts in a more general form, and that the release of other stockholders was by the plaintiff alone, without the further allegation that such release was with the consent of the creditors of the company and without the consent of the defendants.

After what has been decided in the preceding case between these parties, it would seem to be quite unnecessary to restate the reasons for holding that there was no error in sustaining the demurrers to these pleas. It is not in terms alleged in these pleas that all the shares

of stock of the company were not, by the decree of the 26th of March, 1886, treated as contributory, for the purpose of ascertaining the amount to be assessed; but simply that the call made was not general and equal. If the release of stockholders by the plaintiff was without warrant of law and void, either as against creditors or other stockholders, such release will not avail as a discharge of the stockholder, and the defendants cannot be affected thereby. But clearly this Court has no power to review and reverse the decree of the 26th of March, 1886, any more than it had to review and reverse the decree of December 14th, 1880. It may even be conceded that there was error in the passage of the decree, but that error cannot be corrected by this Court in a collateral proceeding. The appropriate remedy for the correction of the error, if such it be, should have been sought in the jurisdiction where the decree was rendered. *Hawkins vs. Glenn*, 131 *U. S.*, 332.

The fourth and sixth pleas are pleaded by way of equitable defences, and are, in all substantial particulars, the same as the third and fourth pleas in the preceding case. As before stated, the fourth plea was demurred to and the demurrer was sustained; and for the reasons we have stated for sustaining the demurrer to the third plea in the preceding case, we sustain the demurrer to the fourth plea in this case. But, as already shown, instead of demurring to the sixth plea, (which alleges that the decree of December 14th, 1880, was procured by fraud and collusion,) as was done to the fourth or corresponding plea in the preceding case, the plaintiff interposed two special replications thereto.

The first of these replications sets forth the fact of the pendency of the Virginia Chancery suit, in which the decrees of December 14, 1880, and of the 26th of March, 1886, were passed, and sets forth at large, as part of the replication, the record of such Chancery pro-

ceedings, and avers that the defendants were and are parties to such proceedings by representation, and that they can only insist upon the defence stated and set forth in the sixth plea, in that cause, and not as a defence in the present action.

The second replication to the sixth plea brings upon the record and sets out a proceeding, instituted by the defendants, and others, by petition, in the cause in which the decrees of December 14th, 1880, and the 26th of March, 1886, were passed, asking to have those decrees reviewed and reversed, for various causes assigned in the petition, and praying to have enjoined the prosecution of this and the preceding action, both of which were then pending in the Court of Common Pleas of Baltimore City: That said petition was filed on the 3rd day of November, 1887, and in the proceedings thereon the defendants and others had full opportunity to allege and avail themselves of any and all grounds, if any existed, for setting aside and annulling said decrees of December, 14th, 1880, and of March 26th, 1886, and for such purpose had their day in Court: That on the 22nd of December, 1887, the Court upon hearing the whole matter, rejected said petition upon the merits, and refused said petitioners leave to file the same, and thereupon entered a decree to that effect: That thereafter, to wit, on the 11th of December, 1888, the defendants obtained an appeal from said decree of rejection to the Supreme Court of Appeals of Virginia, which Court duly heard such appeal, and thereafter, to wit, on the 14th of March, 1889, affirmed the decree appealed from, and finally adjudicated the matter of said petition upon the merits; and that, by force and operation of such decree of affirmance by the Supreme Court of Appeals of Virginia, the defendants are precluded and estopped from alleging in this cause any matter or things against said decrees of December 14th, 1880, and of March 26th, 1886, or any other

decrees in said cause, which were or might have been availed of or alleged in said petition.

It is contended by the defendants that they are not estopped or precluded from making the defence set up in their sixth plea, by the orders that were passed on their petition for review and reversal of the decrees of the 14th of December, 1880, and the 26th of March, 1886, as that application was not founded upon the specific allegation of fraud, and the petition was rejected by the Court without determining any question of right; and they cite and rely upon the case of *Hughes vs. United States*, 4 *Wall.*, 232. But the case cited has no application whatever to the present case. In that case, in its opinion, the Court said, that no judgment had been passed upon the merits of any matter alleged. "The petition was dismissed," say the Court, "for want of jurisdiction and the absence of proper parties, so far as it related to the special relief sought by this suit—the vacation and surrender of the patent—and it was dismissed generally on the ground that it was defective, uncertain, and insufficient in the statement of the cause of action." It was plain, therefore, that the order dismissing such petition, for the reasons stated, could form no bar to a subsequent suit. But that was not the case with the petition filed for review by the defendants and others. There, all the grounds stated in the petition for the review and reversal of the previous decrees, were fully examined and considered, and it was, upon such consideration, held and adjudged that there was no sufficient cause shown by the defendants for reviewing and reversing the decrees as prayed, and hence the petition was dismissed. The Court of Appeals of Virginia, after considering the whole case as presented by the petition of the defendants, conclude their opinion by saying, "This disposes of all the questions raised and relied on here, and the result is that the decree of the

Circuit Court must be affirmed." *Hambleton and others vs. Glenn*, 13 *Va. Law J.*, 242. And the Supreme Court of the United States, in the case of *Hawkins vs. Glenn*, 131 *U. S.*, 319, while declaring that the decrees of the Virginia Court could not be attacked collaterly, said, "and, indeed, upon a direct attack, it has already been sustained by the Virginia Court of Appeals;" and refer to the case of *Hambleton vs. Glenn*, arising upon the petition of the defendants set out in the replication. The same principle has been re-affirmed by the Supreme Court in the recent case of *Glenn, Trustee vs. Liggett*, 135 *U. S.*, 533.

There must be an end of litigation, and a party will not be heard to make successive applications to be relieved of the effect of a judgment or decree, simply because he may be able to found his applications upon different grounds. This principle was distinctly held by the Supreme Court in the recent case of *Sugg vs. Thornton*, 132 *U. S.*, 529, 530. In that case a party had attempted to attack and have vacated a judgment on particular grounds, and afterwards sought to avoid the judgment for a different cause. But the Supreme Court, adopting the language of the Supreme Court of Kansas, said: "Such a general appearance to contest a judgment on account of irregularities will, if the grounds therefor are not sustained, conclude the parties as to any further questioning of the judgment. A party cannot come into Court, challenge its proceedings on account of irregularities, and after being overruled be heard to say that he never was a party in Court, or bound, by those proceedings. If he was not in fact a party, and had not been properly served, he can have the proceedings set aside on the ground of want of jurisdiction, but he must challenge the proceedings on that single ground." The defendants, by their petition for review, sought to vacate and have set aside the decrees of the Virginia

Court, and they were bound to avail themselves of all the defences then open to them; and if the decree of December 14th, 1880, had in fact been obtained by fraud or collusion, as alleged in the sixth plea, or if there had been any other reversible errors committed in the passage of either of the decrees sought to be vacated, the matter should have been presented to the Court with the other matters set forth in the petition for review. And having failed to do this, the decree is no longer open to attack, and the defendants are concluded by the judgment on their petition for review. The demurrer of the defendants to the replications of the plaintiff not only raises the question as to the sufficiency of the replications, but mounts up and brings into question the sufficiency of the plea to which the replications were pleaded; and in regard to that plea we have decided in the preceding case that it constitutes no bar to the plaintiff's right to recover.

Upon the evidence in the case, the same questions were presented, and were ruled in the same way, as in the preceding case. And with respect to the question of interest, that is to say, from what point of time interest is recoverable as matter of legal right, under the Virginia statute,—whether from the date of the decree making the call, or from the time of notice and demand of payment made,—the same error was committed in this as in the preceding case, and for that error alone the judgment is reversed.

*Judgment reversed, and*
*new trial awarded.*

(Decided 18th June, 1890.)