NICANDRO RICCI *vs.* EUGENIA MATTEODO *et al.*

JULY 5, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

PER CURIAM. This is an action of ejectment brought to recover possession of a parcel of land 11.78 feet wide by 143.28 feet long, adjoining the defendants' premises. The defendants pleaded the general issue, title by adverse possession and an easement by adverse user. The defendants had previously brought a bill in equity to establish title in themselves to the land in dispute. One of the issues of the equity cause was whether the Matteodos had obtained title by adverse possession. They having failed to prove title in themselves acquired by adverse possession or otherwise, the bill was dismissed. See *Matteodo* v. *Ricci*, 148 Atl. 33. It was admitted that the record title was in the

plaintiff. The trial justice ruled that, the question of title by adverse possession having been determined in the equity cause adversely to the Matteodos, the question was *res judicata*. Said justice further ruled that an easement could not be shown in defense to an action in ejectment, and directed a verdict for the plaintiff. The case is before us on defendants' exceptions.

In the equity suit the parties and the subject-matter were the same, and the issue was the same, viz: Had the Matteodos acquired title by adverse possession? The ruling that it was *res judicata* that these defendants had not acquired title by adverse possession was correct. *Mills* v. *Allen*, 26 R. I. 177; *Schaeffer* v. *Brown*, 23 R. I. 364; *Almy* v. *Daniels*, 15 R. I. 312; *Bottomly* v. *Parmenter*, 159 Atl. (N. H.) 302.

The defendants fenced the *locus in quo*, and have used it as a way of ingress and egress for several tenements, as a place in which to dry clothes and in which children might play. Defendants apparently admit that an easement consisting of a mere right of way is insufficient as a defense to this action. They contend, however, that they have a prescriptive easement sufficiently coextensive to virtually deprive the plaintiff, the owner in fee, of all beneficial use of the land.

How much use the defendants have made of the land does not precisely appear, but their plea setting up an easement, by prescription, is insufficient as a defense. Assuming that they have acquired an easement, the plaintiff is entitled to every use of the land not inconsistent with the reasonable enjoyment of the easement. Among other authorities defendants cite cases involving easements to enjoy the use of a party wall. When such an easement exists, courts very properly refuse to permit the owner of the servient estate to destroy such wall and thereby deprive the owner of the dominant estate of the enjoyment of his easement. See *Rogers* v. *Sinsheimer*, 50 N. Y. 646; *Brondage* v. *Warner*, 2 Hill (N. Y.) 145.

It is settled that the defendants have acquired no title to the land. Assuming their plea of easement acquired by user to be true, it is not necessary, as in the case of an easement, to use a party wall, to deprive the owner, during all hours of the day and night, of all use of all portions of his said land. If the defendants have an easement, they can protect it by an appropriate action, but the plaintiff is entitled to an adjudication for possession that he may use his land in any manner not inconsistent with any easement existing in favor of the defendants. See *Hancock* v. *Wentworth*, 5 Met. (Mass.) 446; *Burnet* v. *Crane*, 28 Atl. (N. J.) 591; *Jacobson* v. *Hayday*, 83 N. J. L. 537.

All exceptions of the defendants are overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Judah C. Semonoff*, for plaintiff.

*Charles R. Easton*, for defendants.