WILLIAM KEVORKO *vs.* ALEKSANDER VAITKUNAS.

NOVEMBER 3, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action of *scire facias.* The defendant filed a plea to the jurisdiction of the court, setting out that the writ was not served upon him twenty days

before the return-day thereof as required by Section 7, Chapter 375, G. L. 1923. The case is here on plaintiff's exception to the action of the Superior Court denying his motion to strike out this plea and ordering the quashing of the writ.

Service of the writ was made by attaching defendant's real estate twenty days before the return-day and by leaving with him an attested copy eighteen days before the return-day. Said section 7 provides that a writ of *scire facias* shall be returnable "not less than twenty nor more than sixty days after such writ shall be served."

The plaintiff contends (1) that, although service was made on the defendant at a time less than twenty days before the return-day of the writ, the service by attachment the required length of time before the return-day fulfills the requirements of the statute; (2) that the entry of a general appearance by the defendant waived the defect in service; (3) that the plea should have been stricken out because the plea did not contain all of the formalities of a plea in abatement at common law.

Section 12, Chapter 350, G. L. 1923, provides that after attaching real estate "the officer shall in all cases also leave an attested copy of the writ . . . with the defendant personally, or with some person living at his last and usual place of abode, if any he have, within the precinct of the officer;" or if he have none, send a copy by mail to the defendant, if his address be known, and leave a copy with the person, if any, in possession of such real estate. It is clear that the service of the writ of *scire facias* was not completed twenty days before the return-day thereof as required by statute. Unless a defendant voluntarily appears, notice as prescribed by statute is essential to jurisdiction of the court, and "the writ of attachment is not constituted a substitute for such service; it is not the means prescribed for the purpose of conferring jurisdiction on the court to proceed to judgment." 2 R. C. L. § 58, pp. 846, 847. 32 Cyc. 447.

Defendant, by entering appearance on the same document with the plea to the jurisdiction and filing both at the same time, clearly expressed intention not to waive the right to plead to the jurisdiction. We think the document taken as a whole did not confer jurisdiction. See *Michels* v. *Stork*, 44 Mich. 2, cited in *Gorman* v. *Stillman*, 25 R. I. at 59.

The plea to the jurisdiction was not lacking in substance, and remedial statutes in this State provide that defects in form shall not be ground for objection to pleadings. Sections 3 and 4, Chapter 335, G. L. 1923.

The plaintiff's exception is overruled and the papers in the case are remitted to the Superior Court.

*Jasper Rustigian, Thomas J. Flynn,* for plaintiff.
*Arthur L. Conaty,* for defendant.