John Di Iorio

vs.

Wm. H. Considine & Co., Inc., et al.

Eq. No. 12260.

January 25, 1934.

BAKER, P. J. Heard on bill and answer.

In this case the facts are not in dispute and the decision depends on the proper determination of certain questions of law.

In his bill the complainant is asking that the respondents be permanently enjoined from selling certain property which has been levied upon under an execution, and that the respondents be also enjoined from attempting to enforce a certain judgment which the complainant contends is void.

The bill is based on the claim that the record shows that the District Court of the Sixth Judicial District was without jurisdiction to enter a certain judgment in a scire facias action pending before it and to issue execution thereon because of the fact that it appears that the writ in said scire facias action was served less than twenty days prior to the return day thereof.

Generally speaking, unless circumstances peculiar to the case are involved, the complainant's argument herein would be sound. It is not disputed that in a scire facias action the service of the writ should be at least twenty days before the return day, and our Court has so held.

> *Kevorko* vs. *Vaitkunas*, 168 Atl. 910 (R. I.).

The respondents herein, however, urge upon the Court that there are two reasons why this question relating to the jurisdiction of the District Court to enter judgment and issue execution thereon cannot now be raised by the complainant. The first is that he entered such an appearance in the District Court in the said proceeding as would now preclude him from raising the jurisdictional question; and the second is that after said execution was issued he filed a bill in equity in the Superior Court between the same parties and upon the same cause of action as now appears in the case at bar; that said bill after hearing was dismissed; that in said proceeding he failed to raise the jurisdictional question now before the Court, and that by reason of said failure he is estopped from raising said question and that it is res adjudicata.

The record presented for the consideration of the Court discloses that following the entry of the judgment in the scire facias action in the District Court and the issuing of an execution thereon, an attorney at law representing the complainant herein, on September 8, 1931, filed a motion in said scire facias action, sworn to by the complainant, to rescind the judgment and for a stay of execution.

The basis of the motion appeared to be that no service was ever made upon the complainant herein but that service was made upon another person having a somewhat similar name. Upon this motion execution was stayed and hearing was had September 11, 1931, and the motion was denied. The respondents very seriously urge that this action by the complainant herein through an attorney in the scire facias case constituted an appearance in said proceeding.

There is apparently much authority to support the respondents' claim. Jurisdiction of a person may be obtained by his voluntary appearance either in person or by attorney.

> *Gorman* vs. *Stillman*, 25 R. I. 55.

The fact that the entry of appearance is after a judgment has been rendered does not change the situation.

> *Douglas* vs. *Haberstro*, 8 Abb. N. C. 330 (N. Y.).

A considerable weight of authority holds that where a motion is presented setting out non jurisdictional grounds, as well as attacking the jurisdiction, then if said motion is denied, the appearance is considered as general.

*Sugg* vs. *Thornton*, 132 U. S. 524;

*Richardson Machinery Co.* vs. *Scott*, 276 U. S. 128;

*Abbott* vs. *Semple*, 25 Ill. 107;

*Shafer* vs. *Hockheimer*, 36 Oh. St. 215.

After considering the record and the authorities, the Court has come to the conclusion that the complainant herein, by his action in the scire facias proceeding, through his then attorney entered such an appearance in said case as would prevent him from raising the jurisdictional question of proper service which he now seeks to make the basis of the present bill.

In the case of *Kevorko* vs. *Vaitkunas, supra*, there was a holding that where a plea to the jurisdiction was filed, it was not waived by an entry of appearance in the same document. It does not seem to the Court, however, that an analogous situation exists herein to that in the scire facias proceeding. In that case a general motion to vacate judgment and stay execution was filed and the Court does not believe that such motion can properly be given the same effect as a direct plea to the jurisdiction of the Court.

Following the denial of the motion, heretofore referred to, in the scire facias proceeding, the complainant herein filed a bill in equity against the same parties now before the Court relating to the same premises and seeking to enjoin the same levy under the same execution as is involved in the present proceeding.

The question presented by this previous bill related to the complainant's true name. The Supreme Court determined that while the names were differently spelled, they were idem sonans and would be regarded as the same and that the bill should be dismissed.

*Di Iorio* vs. *Wm. H. Considine & Co. Inc., et al.*, 53 R. I. 382.

Following this decision, the present bill was filed asking for the same relief as in the previous bill but based on the improper service of the writ. This ground was not urged in any way in the earlier bill.

The respondents contend that the matter which the complainant now seeks to have the Court pass upon is in effect res adjudicata and that he is not at liberty to present his case piecemeal. The authorities on the whole seem to support the respondents' contention.

*Grubb* vs. *Public Utilities Commission*, 281 U. S. 470;

*Werlein* vs. *City of New Orleans*, 177 U. S. 390.

In the latter case, the Court, at page 397, citing with approval another decision, said:

"a former judgment between the same parties (or their privies) upon the same cause of action as that stated in the second case, constitutes an absolute bar to the prosecution of the second action, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

See also *Ricci* vs. *Matteodo*, 167 Atl. 125 (R. I.)

In the case of *Burns* vs. *Burns*, 53 R. I. 324, our Court has recognized an analogous principle in preventing a party from using as the basis of a new bill certain facts which he failed to use in an answer in another case between the same parties.

The complainant argues that he may raise a jurisdictional question at any

time. As a broad general proposition of law possibly this is correct but unquestionably there are limitations and it frequently happens that a party, by his actions, has placed himself in a position where he has given a court jurisdiction which it otherwise might not have been able to obtain. Respondents contend that this is the situation here.

Giving the second question raised by the respondents due consideration, the Court is of the opinion that on the law and on the facts presented, the complainant by reason of the disposition of the former equity proceeding is not now in a position to maintain the present bill. The Court therefore finds that while it clearly appears that the scire facias action was originally improperly taken, that the complainant by reason of his appearance in said proceeding and by reason of the bringing of the earlier bill in equity is now in a situation where he cannot urge the defective service in said scire facias action.

The prayers of the bill, therefore, are denied and the bill is dismissed.

For complainant: Frank H. Wildes.

For respondents: Raymond & Semple.