## BOLTON v. ALLEY.
### No. 10473.

Court of Civil Appeals of Texas. Dallas.
Dec. 21, 1929.
Rehearing Denied Feb. 15, 1930.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellant.

J. D. Kugle, of Dallas, and Fitzgerald & Hatchitt, of Wichita Falls, for appellee.

JONES, C. J.

This suit was instituted in a district court of Dallas county by appellant, J. A. Bolton, to recover certain commissions alleged to be due him by appellee on a contract by which appellant, a real estate agent residing in Wichita county, Tex., sold certain lands for appellee, alleged to be a resident of Dallas county, Tex. Appellee duly filed a plea of privilege, alleging his residence, during all the time under inquiry, to be in Hale county, Tex. A controverting affidavit was duly filed by appellant, in which he alleged that at the time the suit was filed, and at the time the plea of privilege was filed, as well as the time the controverting affidavit was filed, appellee was a resident of Dallas county. A hearing on the plea of privilege was had on the issue of residence thus joined, with the result that a judgment was entered sustaining the plea of privilege and transferring the cause to the district court of Hale county. From this judgment appellant has duly perfected an appeal. The following is deemed a sufficient statement of the facts:

The evidence discloses that appellee owns about 40 sections of land in Hale county, and that he has about 1,000 acres of such land in cultivation; that he is a ranchman and farmer, and has lived on the farm land for the last 27 years, on which he has a residence of nine or ten rooms; that his post office is Hale Center, where he receives all his mail; that he has never had any intention of changing his residence from Hale county and making it in Dallas county; that about two years preceding the trial he had purchased on Lemmon avenue, in the city of Dallas, an apartment house containing sixteen apartments; that he purchased such house as a trading proposition, and has had same on the market to sell or trade since said purchase; that during these two years his wife had spent about two-thirds of her time at this apartment house in Dallas, occupying one of the apartments; that she came to Dallas for the sole purpose of looking after the apartment house, renting the apartments, collecting the rent therefor, and seeing about the repairs; that there was a man who also attended in part to these things; that appellee spent about one-fourth of his time in Dallas, but came on business matters, and usually stayed at the apartment occupied by his wife when he was there; that they never intended to make Dallas their home, or the apartment house their place of residence, but that his wife intended, as soon as the apartment house could be disposed of, to go back to their home in Hale county; that he had installed a telephone in the apartment house in his own name; and that the listing showed the small letter "r" after his name, which meant that his residence was at such place.

It also appeared that appellant knew these facts, had spent a number of nights with appellee in his home in Hale Center, and always addressed mail to him at Hale Center. It also appears that he was served with citation at a time when he was at the apartment house on Lemmon avenue; that the sheriff's office had made several trips before he was found at such place.

The only disputed testimony is that appellant stated in his evidence that, on one occasion after the purchase by appellee of the apartment house, and while his wife was living at said house in Dallas, he spent the night with appellee at his Hale Center home, and that, before leaving, appellee told him he was going home to Dallas, and would take him in his automobile that far, appellant going to some other place than his home at Wichita Falls. Appellee denied that he made any such statement in reference to "going home," but only told appellant that he was going to Dallas on the occasion in question. Under the above evidence, the court found as a fact

that appellee was not a resident of Dallas county, within the meaning of the venue statutes, and entered judgment accordingly.

 Appellant does not controvert the theory that appellee maintains a residence in Hale county, but rests his claim that the evidence discloses, as a matter of law, that appellee also maintains a residence in Dallas county. To sustain such claim, appellant relies mainly on the cases of Pearson v. West, 97 Tex. 239, 77 S. W. 944; Littlefield v. Clayton (Tex. Civ. App.) 194 S. W. 194; and Funk v. Walker (Tex. Civ. App.) 241 S. W. 720. These and other cases establish the rule that the words "domicile" and "residence," used in our venue statutes, are used interchangeably and in the sense of residence. Under a strict construction of the term "domicile," a person can have but one domicile, but he may have more than one residence. Under the rule above announced, the word "domicile" in such statutes carries with it the meaning of the word "residence," and in that sense, and under our venue law, a person can have more than one domicile. In each of these cases, however, the record discloses that the defendant, asserting his privilege to be sued in another county, which he alleged was his residence, had actually established a residence in the county where suit was filed, and in which he resided with his family as their home during a portion of each year, and the inference from the evidence is that each of the defendants in said cases intended to maintain in the future such character of residence in the county in which the suit was filed. In Pearson v. West, supra, it was shown that West, for many years, had been a resident of Live Oak county, Tex.; that he had a ranch home in said county, and spent nearly all of his time there; that he never voted anywhere except in the voting precinct of his home, and served on juries in said county. The evidence also disclosed that in Bexar county, in which the suit was filed, he had purchased a residence, and that his family lived in such residence for a greater part of each year; that he personally was in the Bexar county residence for only a portion of the time each year. The Supreme Court, speaking through Judge Brown, held that the facts showed that West had two residences, within the meaning of the venue law, and overruled the plea of privilege.

In the case of Funk v. Walker, supra, the evidence disclosed that Walker, for a number of years, had lived in Breckenridge, Stephens county, Tex., and had a home there to which he was very much attached; that, some time previous to the filing of the suit against him in Tarrant county, he had bought a very expensive home in Fort Worth, Tarrant county, Tex., and established in such home his wife and children, the latter being in school in Fort Worth; that he spent most of his time in Breckenridge, where he voted, and where he claimed his residence to be. The San Antonio Court of Civil Appeals held that, under the facts of that case, Walker had two residences, within the meaning of the venue law.

 The instant case, we think, is distinguishable from the reported cases, in that in the reported cases each of the parties was shown to have actually purchased a home for residence purposes, and had actually installed in such home his family for the purpose of using such place as a residence for an indefinite period of time, while in the instant case the appellee placed his wife in the apartment house, not for the purpose of establishing a home, but for business purposes only, and with the intention to cease so using it as soon as a sale or trade of the property could be made. Pertinent to the question under review, Judge Fly, speaking for the San Antonio Court of Civil Appeals, in the case of Marsden et al. v. Troy County Attorney, 189 S. W. 960, 965, says that: "Residence is determined largely as a question of intention, which may be made to appear by all the facts and circumstances of the case, his declarations," etc. The circumstances in evidence in this case and the declarations of appellee, in reference to the use of the Dallas property, we think, clearly raised an issue of fact as to whether appellee was a resident of Dallas county during the time under inquiry. As the trial court decided this issue of fact in favor of appellee, we do not think that this court would be authorized to change the judgment of the trial court. For the reason above given, we believe the judgment should be affirmed.

Affirmed.