## OWL TAXI SERVICE et al. v. SALUDIS.
### No. 8720.

Court of Civil Appeals of Texas. Austin.
Oct. 26, 1938.

Rehearing Denied Dec. 7, 1938.

226

Battaile, Burr & Holliday, of Houston, for plaintiffs in error.

Harris & Harris, of Austin, for defendant in error.

BAUGH, Justice.

The parties will be designated as in the trial court. Appeal by writ of error is from a judgment, based upon special issue verdict of a jury, in favor of plaintiff against defendants for damages for personal injuries suffered by plaintiff when he was knocked down by defendants' taxicab while crossing Congress Avenue, at 6th Street, in the City of Austin, on January 8, 1937.

The first contention made asserts error of the trial court in refusing to give special issues requested by defendants relating to contributory negligence of plaintiff. Plaintiff's cause of action was predicated upon negligence of defendants, specific acts of which were pleaded. Defendants answered by general demurrer, general denial, and a plea of contributory negligence in very general terms. This plea was not excepted to by plaintiff. Upon the trial the issue of contributory negligence was submitted to the jury in equally general language. No objection to the form or manner of such issue was made by defendants. They did, however, request the submission to the jury of certain groups of specific facts, raised by the evidence but not by the pleadings, such as failure of plaintiff to keep a proper lookout for his own safety, whether he was crossing

outside of the safety lines marked on the street for pedestrians, whether he was running across the street at the time he was struck; whether such facts, if found, were negligence on his part; and whether same were a proximate cause of the injuries sustained. These the trial court refused.

■ The general rule is that either party is entitled to have submitted any or all issues of fact raised by the pleadings and the evidence which would constitute a complete ground of recovery or a complete defense. The exact issue here presented is whether the general plea of contributory negligence, not excepted to, authorizes the submission of specific groups of facts, raised by the evidence, which would constitute contributory negligence, after the court had submitted the issue of contributory negligence in general terms, without objection thereto by the defendants.

■ As submitted the general issue was sufficient to cover all groups of contributory negligence, raised by the evidence. The question arises, therefore, as to whether the defendants, by failure to object to the general issue as given, waived their rights to have the special issues, requested by them, submitted to the jury. The prime purpose of an objection to a charge is to call the trial court's attention to its insufficiency or incorrectness and to give the court an opportunity to properly submit such issues to the jury. The manner in which this is done is of secondary importance, provided the defects in such charge are adequately brought to the court's attention in time and in such manner that it can correct the error. In the instant case though defendants did not specifically object to the general issue given as being insufficient, they did prepare and request the trial court to give special issues, grouping facts of their defense raised by the evidence, which, under the decisions, they were entitled to have submitted. We have concluded that this was sufficient to call the matter to the trial court's attention and that his refusal to give such special issues was error.

■■ The facts grouped in the special issues requested were clearly raised by the evidence. Though not specifically pleaded, the general plea of contributory negligence was not excepted to by the plaintiff. Under these circumstances, it now seems settled that defendants were entitled to have such grouping, as constituting a defense, submitted to the jury. In Stewart v. G., H. & S. A. R. Co., 34 Tex.Civ.App. 370, 78 S.W. 979, writ refused, the court said: "A general plea of contributory negligence, not excepted to is undoubtedly sufficient to warrant its submission generally or in any and all forms in which the issue is made by the evidence." While that was a case tried upon a general charge, it is now settled that the same rule applies to special issues as applies to a general charge. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517; 41 Tex.Jur. § 221, p. 1014. The question here involved was presented and fully discussed in Spears Dairy v. Bohrer, Tex.Civ.App., 54 S.W.2d 872. See, also, Southern Iron & Machine Co. v. Portugal, Tex.Civ.App., 53 S.W.2d 685; 30 Tex.Jur. § 160, p. 840.

■ The next question presented complains of the failure of the trial court to properly place the burden of proof on several of the special issues submitted. In view of another trial it is not amiss to observe that on all grounds relied upon by plaintiff for a recovery the burden of proof was upon him to establish same by a preponderance of the evidence. As to those relied upon as a defense (contributory negligence) a similar burden rested upon the defendants. The trial court in its charge should have so indicated. The generally accepted method of so doing, approved by the Supreme Court, is to so frame such issues that each will carry its own burden of proof, the language commonly used being, "Do you find from a preponderance of the evidence" the fact or facts inquired about.

■ Defendants' next contention is that plaintiff failed to prove that the driver of the taxicab at the time of the injury was an employee either of the partnership as composed at the time of the injury and as originally sued, or of the partnership as shown at the time of the trial, and as alleged in plaintiff's trial amendment. This contention is not sustained. The partnership as originally sued was operating as the Owl Taxi, composed of F. R. Arnhamn, D. F. Samuel, and Ben B. Parker, as shown by certificate on file with the County Clerk of Travis County, required under Art. 5924, R.S. Subsequent to the date of the injury here involved, and on March 17, 1937, said concern filed; not under Art. 5925, relating to a change

of ownership of said partnership, but again under Art. 5924, another certificate showing the name of said business as that of Austin Owl Taxi, and as owners D. F. Samuel and F. R. Arnhamn. Plaintiff's trial amendment merely alleged these facts, that the same concern continued as before, and sought judgment against the partnership in the new name, as well as in the former name, and against Samuel and Arnhamn as partners, as well as against the three partners named as constituting the concern originally sued as the Owl Taxi Service. The judgment rendered was against the concern in its name as of the time of the injury and as composed of the three partners, and against Arnhamn individually. There was no compliance with Art. 5925, R.S., showing change of ownership of the partnership, nor a dissolution of said partnership. Arnhamn did testify that at the time of the trial he was sole owner of the business; but there was no denial of the facts stated in said certificate filed showing the partners at the time of the injury; nor was there filed any sworn plea denying the existence of the partnership sued, as required by Art. 2010, R.S. The evidence is also uncontradicted that Arnhamn was conducting the business under the name on file under his entire control; and that the taxicab driver at the time of the injury was employed by the Owl Taxi Service, and acting within the scope of his employment. That being true, the partnership and its members individually and jointly became liable for his negligence. 32 Tex.Jur. § 83, p. 348.

Defendants also complain of the findings of the trial court, in addition to the $2,250 damages for personal injuries awarded by the jury, of additional damages aggregating $308.55, and rendition of judgment accordingly, on the ground that these items should have been submitted to the jury, were not requested to be so submitted by plaintiff, and were therefore waived.

These items as pleaded were $98.55 hospital bills, $18 for nursing services, $7 for medicines, $125 for physician's services, and $60 paid by plaintiff to an employee to take his place and do his work during the four weeks he was incapacitated. The only testimony as to the reasonableness of these items was that of the physician who treated him and of the plaintiff himself. The physician testified only as to the value of his own services,— the item of $125. Only the plaintiff testified as to the reasonableness of the other items.

These items were such as plaintiff was entitled to recover if they resulted from defendants' wrongful acts. It was incumbent upon him, however, to allege and prove these facts and that such expenses were reasonable. 13 Tex.Jur. § 218, p. 378, and cases cited. So far as the physician's services were concerned, he was competent to testify as to their reasonableness. It may be doubted whether plaintiff himself was competent to testify as to the reasonableness of the hospital bills, nurses' charges and medicines. He could, of course, testify that he had paid, or had obligated himself to pay, such charges. But if competent, he being the only witness as to these items, and being an interested party, still a jury issue would be presented, and the trial court was not authorized to instruct a verdict thereon, nor to render judgment on the ground that the evidence was not contradicted. Simmonds v. St. Louis, B. & M. Ry. Co., 127 Tex. 23, 91 S.W.2d 332; 41 Tex.Jur. § 229, p. 1029, and cases cited in footnote. These objections, however, need not occur upon another trial.

For the reasons stated the judgment of the trial court must be reversed and the cause remanded for another trial.

Reversed and remanded.