**EASTEX POULTRY CO. et al.**

v.

**BENEFIELD.**

No. 4983.

Court of Civil Appeals of Texas.

Beaumont.

April 22, 1954.

John A. Erhard, Dallas, for appellants.

McLeroy & McLeroy, Center, for appellee.

WALKER, Justice.

The appeal is from an order overruling a plea of privilege. Plaintiff, the appellee, alleged that he had sold a quantity of poultry to Eastex Poultry Company, and he brought suit against Eastex Poultry Company for the price. A plea of privilege to be sued in Dallas County was filed in the name of Eastex Poultry Company and also in the name of one Joe Fechtel. It was alleged in this plea that Eastex Poultry Company was a partnership and that Joe Fechtel was a partner in this concern, and it was alleged further that the residence of said concern and of Fechtel was in Dallas County. Plaintiff filed a controverting affidavit and made his petition a part of this pleading. It was alleged in the controverting affidavit that Eastex Poultry Company was a partnership of Joe Fechtel and A. L. Hilkemeyer operating under the name of said concern; that Hilkemeyer resided in Missouri; that plaintiff resided in the county of suit; and that the trial court had venue of Hilkemeyer under Subdivision 3 of Article 1995, R.S. 1925, Vernon's Ann.Civ.St. art. 1995, subd. 3, and had venue of Fechtel and of the partnership under Subdivision 29a of Article 1995.

The issue of venue was tried before the court without a jury and evidence was adduced in support of the contentions of the parties. The trial court's order overruling the plea of privilege impliedly found all fact issues in favor of the plaintiff, and on the evidence these implied findings established the following facts: (1) At all material times the plaintiff was a resident of the county of suit and Eastex Poultry Company operated a place of business in said county. This place of business was a plant where chickens purchased by Eastex were prepared by said concern for sale on the public market. (2) Plaintiff as seller and Eastex Poultry Company as purchaser made a contract of purchase and sale as alleged in the petition, under which plaintiff was entitled to the relief prayed for by him; and this contract was made as a part of the business conducted by Eastex in the county of suit and was made in said county. (3) Eastex Poultry Company was a co-partnership of Joe Fechtel and A. L. Hilkemeyer. (4) Fechtel resided in Dallas County and Hilkemeyer resided in Mis-

souri. Other facts material to specific contentions are stated below.

An appeal from the order overruling the plea of privilege has been taken in the name of Eastex Poultry Company and in the name of Joe Fechtel, and said defendants have assigned five Points of Error for reversal. We shall discuss the contentions made without further reference to the Points.

## Opinion

■ (1) Article 5924, R.S. 1925, requires all persons operating a business under an assumed name to file with the County Clerk of the county in which the business is to be conducted a certificate stating certain information, and the plaintiff put in evidence an original certificate filed in the county of suit in compliance with this statute. The trial court necessarily inferred, and under Art. 5926 was justified in inferring, that the certificate had been filed by or in behalf of the persons who made the certificate. This certificate purported to be signed by Fechtel and Hilkemeyer and it also contained a notary's certificate of acknowledgment by those persons. The statement required by the statute and also the notary's certificate of acknowledgment were dated September 1, 1952. The complete certificate was filed in the office of the County Clerk on May 13, 1953, before the contract sued on was made. As Article 5924 requires, it was stated in this certificate that the Eastex Poultry Company was a partnership and that the partners were Fechtel and Hilkemeyer; and that the post office address of Fechtel was Dallas, Texas, and the post office address of Hilkemeyer was Jefferson City, Missouri. It is contended that admission of this certificate was erroneous on the ground that execution of the certificate was not proved.

This contention is overruled. Execution of the certificate by Fechtel was proved by the witness Ruston, who identified Fechtel's signature. Article 5924 requires that the certificate of assumed name "be executed and duly acknowledged by the persons so conducting or intending to conduct said business in the manner provided for ac-

knowledgment of conveyance of real estate"; and under Article 3723, the notary's certificate of acknowledgment, which complied with the requirement just quoted from Article 5924, proved the execution of the certificate by both Fechtel and Hilkemeyer. See: Smith v. Dozier Construction Co., Tex.Civ.App., 66 S.W.2d 744; Hughes v. Dopson, Tex.Civ.App., 135 S.W.2d 148; Stout v. Oliveira, Tex.Civ.App., 153 S.W. 2d 590; Thane v. Dallas Joint Stock Land Bank, Tex.Civ.App., 129 S.W.2d 795; Southwest Bitulithic Co. v. Martinez, 135 Tex. 347, 143 S.W.2d 116, at page 119; Norris v. Lancaster, Tex.Com.App., 280 S.W. 574.

■ (2) It is contended as error that plaintiff failed to prove that Hilkemeyer was a partner of Eastex Poultry Company when the plaintiff's cause of action arose. This contention is overruled. Concerning the certificate required by Article 5924, it is provided in Article 5926 that "A copy of such certificate duly certified to by the county clerk in whose office the same was filed shall be presumptive evidence in all courts in this State of the facts therein contained". The effect of Article 5926 is to make the original certificate on file with the clerk the real proof and to make this proof available in court by a certified copy. The original certificate put in evidence by the plaintiff was thus presumptive proof of the statements therein which Article 5924 required to be made, and thus was presumptive proof that Eastex Poultry Company was a partnership of Fechtel and Hilkemeyer. This evidence has not been rebutted. Further, Fechtel's execution of the assumed name certificate having been proved, this certificate was an admission by him of the facts stated therein, and this admission, being that a party to the suit, was substantive evidence of said facts as against him. See: McCormick & Ray's "Texas Law of Evidence", pp. 626 and 627, Sec. 489. This is also true concerning Hilkemeyer, whom plaintiff has alleged to be a partner and whose interest in the partnership the plaintiff is attempting to subject to his claim. Such admissions, being clearly established and having been made pur-

suant to a positive requirement of law, are cogent evidence of the facts admitted. This evidence shows the nature and membership of the concern Eastex Poultry Company when the assumed name certificate was filed, since filing in behalf of the partnership is but a repetition of the statements made on the date of the certificate. As we have stated, this certificate was filed before plaintiff made the contract sued on. The certificate was filed on May 13, 1953. Plaintiff alleged that the contract was made on May 26th, and some of his testimony shows that the contract was made on the date alleged. There is no evidence of change in membership; and the membership of Eastex Poultry Company shown by the assumed name certificate presumptively continued to be the same at such dates later than the date when the assumed name certificate was filed as were material to the question of venue. It is held that a partnership proved presumptively continues, and even the lapse of time between the date of the certificate and the dates when the contract was made and this suit was filed was not great enough to effect the operation of this presumption. See: 32 Tex.Jur. 504, Sec. 180. See, also, Spolane v. Coy, Tex.Civ.App., 153 S.W.2d 672; Owl Taxi Service v. Saludis, Tex.Civ.App., 122 S.W. 2d 225. The evidence supported the trial court's implied findings concerning the nature and membership of the concern Eastex Poultry Company. It is, therefore, unnecessary for us to consider the effect to be given the failure of defendants Eastex and Fechtel to deny the allegations concerning partnership made in the controverting affidavit.

■■ (3) It is contended as error that the evidence does not show that Hilkemeyer was a non-resident of the state. This contention is overruled. It is required by Article 5924 that the assumed name certificate state the post office addresses of the persons operating under the assumed name, and the certificate in proof states the post office addresses of Fechtel and Hilkemeyer. For reasons already stated it constituted evidence of these addresses. Only one post office address is given for Hilkemeyer,

namely, Jefferson City, Missouri; and this address is some evidence that Hilkemeyer's residence was also in Missouri. The filing of the certificate was, as we have stated, a repetition of the statement made before the notary on the date of the certificate and the statement in the certificate was presumptively true as of the date of the filing. Further, it is held that residence once shown presumptively continues. In addition to the authorities cited by the plaintiff, see: 31 C.J.S., Evidence § 124–b, p. 739. Even the time elapsing between the date of the certificate and the dates when plaintiff made his contract and when he filed his suit was too short to affect the operation of this presumption.

■ (4) It is contended as error that neither Hilkemeyer nor Fechtel had been personally served with process, and that plaintiff must have sued Hilkemeyer as an individual, that is, must have attempted to enforce Hilkemeyer's individual liability for a debt of the partnership. It may be that in his amended petition plaintiff has done this, but the contentions are overruled. One can maintain an action against a partnership for a partnership debt without seeking to enforce the personal liability of all of the partners. See: Arts. 2033 and 2223, R.S. 1925. Thus the plaintiff had a right to sue Hilkemeyer only as a partner; and, if Hilkemeyer was a non-resident, it does not appear that plaintiff would accomplish anything by also suing him as an individual because the trial court could not acquire jurisdiction to render a personal judgment against him for the debt asserted unless he appeared. Inability to acquire jurisdiction over Hilkemeyer did not, however, prevent the acquisition of jurisdiction over the partnership at least to the extent of its property in this state. See: Goodrich, "Conflict of Laws", p. 209, Sec. 76; Beale's "The Conflict of Laws", Vol. 1, p. 365, Sec. 86.1, citing Sugg v. Thornton, 132 U.S. 524, 10 S.Ct. 163, 33 L.Ed. 447. This decision construed Arts. 1224 and 1346 of the Code of 1879. The substance of Art. 1224 is now expressed in Art. 2033, and Art. 1346 is now Art. 2223. The evidence before us on this appeal shows that one partner resided

in this state, that the partnership was conducting business at its place of business in the county of suit, and that the contract was made in said county, as a part of the partnership's business in said county. The proof therefore shows that the partnership was present in this state. Further, the trial court did acquire jurisdiction of the partnership by the proceedings now to be mentioned. Under Texas Rules of Civil Procedure, rule 28 the plaintiff had a right to sue the partners under their assumed name, and he did so. The parties have stipulated that only one citation was issued; this was directed to Eastex Poultry Company and it was served upon the manager of the place of business which Eastex maintained in the county of suit. Service of this citation was enough under Arts. 2033b and 2033c to give the trial court jurisdiction of the partnership. That is, this process gave the trial court jurisdiction to render a judgment against the partners which would subject the partnership's property to the payment of the plaintiff's debt. Matters already stated show that the requirements of Art. 2033b were met; the evidence showed that Eastex really was a partnership, and this action grew out of, or was connected with, the partnership's business in the county of suit and the partnership had a place of business in said county. So, as far as his interest in the partnership and its property was concerned, Hilkemeyer was sued and served with process and was before the court subject to judgment; and since plaintiff had the right to sue only the partnership, leaving off the personal liability of Hilkemeyer for a partnership debt, there was no other process to be served on Hilkemeyer. Plaintiff did not have to sue Hilkemeyer individually and serve him with individual process in order to maintain his suit against the partnership; and a partner in court to the extent of his interest in the partnership is as much a party defendant as he is when he is sued on a private debt. Of course, Fechtel had also been sued and served with process in the same sense as Hilkemeyer, and with the same consequences; but Fechtel had also appeared, and for that matter, so had the partnership. These appearances did not settle the matter of venue but they did settle the question of jurisdiction, at least of Fechtel.

**(5)** It is contended as error that plaintiff did not prove a cause of action against Eastex Poultry Company. This contention is overruled; plaintiff's testimony made out a prima facie case of liability in his favor, as we have already indicated.

**(6)** The facts gave the trial court venue of the suit. The suit was on a partnership obligation, against the partnership. Venue of a partnership depends on venue of the partners. Under subsection 3, Art. 1995, the trial court had venue of Hilkemeyer in his capacity as a partner because he was a non-resident of the state and a defendant to the suit. As we have pointed out a partner can be a party defendant to the suit, liable to the extent of his interest in the partnership, even though his individual liability for a partnership debt is not asserted. He is, in fact, an indispensable party, for if he is not a party the partnership is not in court. See: Frank v. Tatum, 87 Tex. 204, 25 S.W. 409; Glasscock v. Price, 92 Tex. 271, 47 S.W. 965; McManus v. Cash & Luckel, 101 Tex. 261, 108 S.W. 800; Duncan v. Smith Bros. Grain Co., 113 Tex. 555, 260 S.W. 1027. T.R. 28 and Art. 2033b do not change these rules; this rule and statute only provide a simple and effective way of suing all the partners and of bringing them into court. So sued and served they are before the court to the extent of their partnership property. The trial court had venue of Fechtel under Subdivision 29a of Art. 1995 because Fechtel was a necessary party to the cause of action asserted against Hilkemeyer as a partner, or rather, was an indispensable party to that cause of action. See: McDonald's "Texas Civil Practice", p. 333, Sec. 409; Clinginsmith v. Bond, Tex.Sup., 241 S.W.2d 616. The contentions of defendants Eastex and Fechtel seem to imply that venue cannot be acquired of a partnership under the combination of Subdivisions 3 and 29a if the part-

nership is sued only in its assumed name under T.R. 28 and served only under Art. 2033b, but we think this conclusion wrong. Fechtel does not contend that the trial court did not have venue of plaintiff's claim against him as an individual for a partnership liability if the trial court had venue of the claim against the partnership.

These comments adjudicate the various contentions made by the defendants Eastex and Fechtel under their Points of Error. All Points of Error are overruled and the judgment of the trial court is affirmed.