**C. Hobson DUNN, Appellant,**

v.

**CARTER OIL COMPANY, Appellee.**

No. 3454.

Court of Civil Appeals of Texas. Eastland.

June 12, 1959.

Turner, White, Atwood, McLane & Francis, Dallas, for appellant.

Ungerman, Hill, Ungerman & Angrist, Dallas, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. The Carter Oil Company, a corporation, brought suit in the Dallas County Court at Law No. 2 against C. Hobson Dunn and John R. Schumaker, Jr., jointly, severally and individually. Plaintiff alleged that the defendants were partners operating a business under the firm name of Eastern Pipeline Contractors; that plaintiff had leased to the defendants certain property which they had failed to return to plaintiff as agreed, and because of such failure and their agreement were indebted to plaintiff in the sum of $575.92 in lieu of the return of said property.

C. Hobson Dunn filed a plea of privilege to be sued in Denton County, the alleged place of his residence. Plaintiff filed a controverting affidavit seeking to retain venue in Dallas County on the grounds that Dunn was in fact a resident of Dallas County at the time of the filing of this suit within the meaning of Article 1995, Vernon's Annotated Texas Civil Statutes, and that the defendant Schumaker, the alleged partner of Dunn, had waived venue on behalf of the partnership. Hearing was had before the court without a jury and the plea of privilege was overruled. C. Hobson Dunn has brought this appeal.

Appellant's points on appeal are that the court erred (1) in admitting in evidence over appellant's objection an assumed name certificate executed by defendants on July 6, 1951, and filed in Dallas County, and (2) in overruling appellant's plea of privilege because there was no evidence, or, in any event, insufficient evidence, to support the court's finding that appellant was, or is, a resident of Dallas County.

Appellee, Carter Oil Company, seeks to uphold the judgment on the sole ground that the evidence shows that appellant Dunn does, as found by the court, maintain a residence in Dallas County. The evidence relied upon by appellee to support the judgment is plaintiff's exhibit No. 1, a duly certified copy of an assumed name certificate taken from the Assumed Name Records of Dallas County and dated July 6, 1951. The certificate was received in evidence over the objection (1) that it was too remote in time, having been filed over seven years before the institution of this suit, and (2) that it was not relevant in that it did not establish or purport to show the residence of appellant. Appellant urges that the court erred in admitting the certificate in evidence. We overrule appellant's points urging error in the admission of a certified copy of the assumed name certificate, and that there was no evidence, or insufficient evidence, to support the finding that appellant was a resident of Dallas County.

Article 5924, V.T.C.S., provides as follows:

"No person shall conduct or transact business in this State under an assumed name or under any designation, name, style, corporate or otherwise other than the real name of each individual conducting or transacting such business, unless such person shall file in the office of the county clerk of the counties in which such person conducts, or transacts or intends to conduct or transact such business, a certificate setting forth the name under which such business is, or is to be, conducted or transacted, and the true full name or names of each person conducting or transacting same with

the post-office address of each. Said certificate shall be executed and duly acknowledged by the persons so conducting or intending to conduct said business * * *."

Article 5925 provides that in case of any change of ownership in a business operated under an assumed name certificate that an additional certificate shall be filed with the county clerk of the county in which such business is being conducted and has a place of business setting forth such facts.

Article 5926 provides that:

"A copy of such certificate duly certified to by the county clerk in whose office the same was filed shall be presumptive evidence in all courts of this State of the facts therein contained."

In compliance with Article 5924, supra, an assumed name certificate was executed by C. Hobson Dunn and J. H. Schumaker, Jr., on July 6, 1951, and was filed for record in Dallas County. It was certified therein that the business with the firm name of Eastern Pipeline Contractors was owned and operated and would be operated by C. Hobson Dunn, Post Office Address 1801 Mercantile Bank Building, Dallas, Texas, and J. H. Schumaker, Jr., Post Office Address 1801 Mercantile Bank Building, Dallas, Texas. No certificate such as that required by Article 5925, concerning a change of ownership, was shown to have been filed. None of the facts authorized and required to be shown by Articles 5924 and 5925 have been controverted or rebutted.

■■■ By the terms of Article 5926, the duly certified copy of the assumed name certificate filed in Dallas County was presumptive proof of all the statements contained therein. See Owl Taxi Service v. Saludis, Tex.Civ.App., 122 S.W.2d 225 (Writ Dis.). Such statements were admissions against interest and admissible as such. It was stated in the certificate of assumed name that the post office address of C. Hobson Dunn was in Dallas County and no other address of Dunn was given.

There is no evidence in the record concerning any other address or residence of appellant Dunn. The statement and admission was material and admissible as evidence on the question of appellant's residence. The fact that a person has a business residence in a community is a circumstance or factor to be considered in determining domicile or residence generally. 17 Am.Jur. 271; Bolton v. Alley, Tex.Civ.App., 25 S.W.2d 638.

■■■ A residence once shown is presumed to continue the laps of seven years between the statement or admission shown in the assumed name certificate and the time of the institution of this suit was not so great as to render it inadmissible on the ground that it was too remote in time or to destroy its presumptive effect. Eastex Poultry Co. v. Benefield, Tex.Civ.App., 268 S.W.2d 270. The probative force of this evidence was strengthened by the fact that service of the process in this case was had on appellant in Dallas County and on Mr. Schumaker, the stated co-owner of the business, at the address shown in the assumed name certificate.

■■■ Greer v. Newton, Tex.Civ.App., 245 S.W.2d 299; Kerr v. Davenport, Tex.Civ. App., 233 S.W.2d 197, and Caprito v. Weaver, Tex.Civ.App., 63 S.W.2d 1043, relied upon by appellant, are not controlling in this case. Those cases simply hold that a business address or the operation of a business in a county is not conclusive evidence of a residence in such county as contemplated by the meaning of the statute, and that where a permanent residence is shown in another county, the evidence may be conclusive that there is no residence in the county where the business address is maintained. In the instant case there was no evidence that appellant has permanent residence in any other county than Dallas County. There is no evidence in the record controverting or rebutting the evidence introduced by appellee showing appellant's residence to be in Dallas County. The place of residence of appellant was a mat-

**14**

ter peculiarly within his own knowledge which no one was in better position to know or establish than he. The probative force of the evidence tending to show his residence to be in Dallas County was strengthened by the fact that he did not in any way rebut such evidence, George v. Cox, Tex. Civ.App., 261 S.W.2d 201; Traylor v. Brentzel, Tex.Civ.App., 218 S.W.2d 261; Atex Const. Co. v. Farrow, Tex.Civ.App., 71 S.W.2d 323 (Writ Ref.); American General Ins. Co. v. Nance, Tex.Civ.App., 60 S.W.2d 280.

The assumed name certificate was admissible in evidence. Appellant's contention to the contrary is overruled. The facts set out in the certificate and other corroborating circumstances constitute some evidence and are sufficient to support the finding that appellant was a resident of Dallas County as contemplated by Article 1995, supra.

The order and decree of the court overruling appellant's plea of privilege is affirmed.