**John B. LEYENDECKER et al., Appellants,**

v.

**C. J. ROBERTSON, Jr., Appellee.**

No. 3666.

Court of Civil Appeals of Texas.

Eastland.

Dec. 8, 1961.

Kirchheimer & Kirchheimer, Houston, for appellants.

Butler, Binion, Rice & Cook, Houston, for appellee.

GRISSOM, Chief Justice.

C. J. Robertson, Jr., sued John B. Leyendecker, C. B. Leyendecker and U. S. Contracting Company, alleged to be a partnership composed of John B. Leyendecker and C. B. Leyendecker, on a sworn account for lumber alleged to have been sold and delivered to them. The Leyendeckers, by a verified answer, denied the partnership, denied they were liable for the debt and alleged that it was the debt of the U. S. Truck Line, a corporation, which was operated by John B. and C. B. Leyendecker. It was stipulated that the lumber was sold and delivered by Robertson as shown by the invoices attached to his petition; that the amounts were correct and had not been paid and that the only issue was whether the Leyendeckers, individually or as partners in the U. S. Contracting Company, were liable for the debt, or whether it was the debt of the U. S. Truck Line, a corporation. In a trial to the court, judgment was rendered for Robertson against both of the Leyendeckers and U. S. Contracting Company, jointly and severally, and they have appealed.

No findings of fact or conclusions of law were requested or filed. The issue presented is simply whether there is evidence

to support a finding that appellants are liable for the debt. There is evidence to the effect that Robertson contacted the Leyendeckers in the fall of 1959 in an attempt to sell them lumber from his mill; that he first talked to John; that the Leyendeckers never claimed they were representing a corporation or the U. S. Truck Line. As a result of said contract several loads of lumber were sold by Robertson and delivered prior to the sales involved in this case. Robertson addressed his bills for such prior sales, as well as the sales sued on, to U. S., or United States, Contracting Company, in accord with the instructions of John B. Leyendecker; that such instructions were given prior to the sales of the lumber here involved. Robertson testified that he asked John how he wanted to be billed for the lumber because the dray tickets showing the deliveries were not made out in the name of the Leyendeckers, and that John Leyendecker instructed Robertson to make out his bills to U. S., or United States, Contracting Company; that Robertson asked John whether he should change the name on the dray tickets to conform to such instructions and John told him it wasn't necessary; that he assured Robertson he was dealing with John B. and C. B. Leyendecker; that they owned the U. S. Contracting Company and that they would be responsible to Robertson for payment of his bills; that the Leyendeckers said nothing about the U. S. Truck Line being a corporation or about it doing business as U. S. Contracting Company or United States Contracting Company. It was shown that the invoices for the sales made prior to those sued on were paid by checks drawn on U. S. Contracting Company. Robertson testified that he had other conversations concerning orders for lumber with both John and C. B. Leyendecker and that neither ever claimed he was representing the U. S. Truck Line or that the U. S. Contracting Company was the trade name of U. S. Truck Line. Neither of the Leyendeckers claimed they told Robertson he was dealing with a corporation and, although some of the instruments in evidence show deliveries to "U. S. Truck Line," there was nothing in connection with the use of said name that showed it was a corporation. Appellants admitted they once had a partnership which operated under the name of U. S. Contracting Company, which engaged in oilfield road business and was a business separate and apart from the trucking business operated by them under the name of U. S. Truck Line. The Leyendeckers claimed that the assets of U. S. Contracting Company had been sold to U. S. Truck Line and that the U. S. Contracting Company was now used by them "for invoicing purposes." Title to some of the property used in appellants' businesses was held in the name of U. S. Contracting Company and the Leyendeckers had bank accounts under the names U. S. Contracting Company and U. S. Truck Line.

■ Long before the sales of the lumber involved here John B. and C. B. Leyendecker executed and filed for record in Harris County an assumed name certificate showing that their business was conducted under the name of U. S. Contracting Company and that the owners were J. B. and C. B. Leyendecker. Such certificate was not withdrawn and no notice of change of ownership was filed until after this suit was filed. Said certificate shows that the Leyendeckers operated the U. S. Contracting Company as a separate entity and that it was a partnership. By virtue of Article 5926, Vernon's Ann.Civ.St., a copy of such certificate constitutes presumptive evidence of the facts stated therein. The statements of John B. and C. B. Leyendecker in said certificate constituted evidence that U. S. Contracting Company was a partnership composed of John B. and C. B. Leyendecker. Eastex Poultry Company v. Benefield, Tex.Civ.App., 268 S.W.2d 270; Dunn v. Carter Oil Company, Tex.Civ.App., 326 S.W.2d 11; Owl Taxi Service v. Saludis, Tex.Civ.App., 122 S.W.2d 225 and McCormick and Ray-Texas Law of Evidence, page 626.

■ C. B. Leyendecker testified, in effect, that if John did represent to Robertson that U. S. Contracting Company was owned by John and C. B. Leyendecker and that they would pay for said lumber, (as Robertson testified he did), that it was all right with him. C. B. testified, referring to himself and his brother, John, "We operate together." It was admitted that the Leyendeckers had been engaged in two separate businesses, a trucking business under the name of U. S. Truck Line and a board road business which was not incorporated and which they conducted under the name of U. S. Contracting Company.

After careful consideration, we conclude that the evidence is sufficient to sustain the requisite findings for holding appellants responsible for the debt sued on. All of appellants' points have been considered and are overruled. The judgment is affirmed.