# CHARLESTON.

## STEPHENSON *v.* SALISBURY.

Submitted January 30, 1903.    Decided April 25, 1903.

1. OFFICE FARMING.
   A contract for the sale by a sheriff of a deputyship under him for a sum payable at all events is void and not enforceable, being contrary to section 5, chapter 7 of the Code; but a sale for part of the commissions or for the allowance made the jailor by the county for his services is valid. (p. 368).

2. JAILER.
   A jailer is removable at the pleasure of the sheriff. (p. 369).

Error to Circuit Court, Clay County.

Action by Albert Stephenson against W. H. Salisbury. Judgment for plaintiff, and defendant brings error.

*Affirmed.*

LINN & BYRNE, for plaintiff in error.

HORAN & HORAN, for defendant in error.

BRANNON, JUDGE:

Albert Stephenson was sheriff of Clay County, and W. H. Salisbury, jailer. After Salisbury had acted some time as jailer, Stephenson demanded that Salisbury, for being allowed to continue as jailer, should allow Stephenson to have the allowance made by the county to the jailer, else he would remove Salisbury, and then a contract in writing was made by which Stephenson was to have the allowance, and was to lift the orders made by the county court for the same. Afterwards Salisbury refused to carry out the contract, refused to allow Stephenson to get possession from the county clerk of said orders on the county treasury, but himself got and either retained or collected them, it does not appear which. Stephenson sued Salisbury for $125.00 before a justice, and on appeal to the circuit court judgment was rendered upon defendant's demurrer to the evidence in favor of Stephenson.

If as far back as the reigns of Richard II. and Edward VI. there was reason to brand as unlawful the sale of public office and its deputation, that reason continues stronger in our day. It has always been condemned by statute, English or Virginian, in Virginia, and always in this State. The subject was so fully discussed by JUDGE POFFENBARGER in *White* v. *Cook,* 51 W. Va. 201, that I need say but little about the subject. The Virginia Code 1849, chapter 12, section 5, condemned the sale of an office "or the deputation thereof either in whole or in part"; but section 6 excepted sheriffs so far as to allow the deputation of his office. The sheriffalty had long before that code been excepted from the prohibition. Our Code does not except a sheriff. Code 1899, chapter 7, section 5, condemns the selling or letting to farm of any office "either in whole or in part." This includes the deputation of the sheriffalty. If it did not, I think common law would. Hawkins, Pleas Crown, C. 67; Throop, Pub. Off. sec. 49. *White* v. *Cook,* cited, settles that a deputy sheriff falls under the statute. That case holds

that a sale for a fixed sum payable in any event of a deputyship
in the sheriffalty, and any contract for it, is unlawful and can-
not be enforced; but that where, for the appointment, the
sheriff is to receive a part of the commissions earned in the
office, the contract is valid. As the allowance by the county to
the jailer is for services in the office, an emolument of it, I see
no reason why it does not fall under that rule. The books
speak in this connection of commissions, profits, emoluments,
indifferently. 9 Am. & En. Ency. L. 376.

It is contended that the contract is without consideration,
because a sheriff has no power to remove a deputy without the
consent of the county court, chapter 7, section 12, Code 1899,
in words vests this power in the sheriff. The common law does.
He can remove without cause. 9 Am. & Eng. Ency. L. 383.

It is contended that a jailer is a public officer in himself, and
that the sheriff has no power to remove him, but he can be remov-
ed only by the joint action of the county court and sheriff under
section 10, chapter 7, Code, and only for causes therein referred to,
and not being a mere deputy, cannot be removed by the sheriff.
By common law the sheriff was *ex officio* jailer, and the jailer his
mere servant. *Dabney* v. *Taliaferro,* 4 Rand. 256; 1 Blac. Com.
346; Crocker on Sheriffs, 314; therefore the sheriff could re-
move the jailer at will. Is this altered by Code, chapter 41,
329? "The sheriff of every county shall be the keeper of the
jail thereof. But, he may, with the assent of the county court,
appoint a jailer of said county, who shall take the same oaths as
are prescribed for other officers. He may also take from such
jailer bond with security conditioned for the faithful perfor-
mance of the duties of his office." I think this makes no change
as to the matter in hand. It still makes the sheriff jailer. That
is the opening keynote of the section. But lest it be thought
that he must personally keep the jail, as he cannot be, night
and day, on guard at the jail, it gives him power to appoint a
jailer. Is not that jailer a mere agent or servant of the sheriff?
When he gives bond he gives it to the sheriff for his indemnity,
not payable to the State as public officers' bonds are. It does
not make the jailer a distinct independent public officer from
the sheriff. It would be disastrous to put him thus beyond
the control of the sheriff and make him removable only for cause
upon trial. What tenure has he?

We often, for convenience, as does this statute, call one an officer when in law he is not. When a jailer is appointed is the power of the sheriff over the jail gone?

As to who is an officer much authority is collected in the two opinions in *Hartigan* v. *Board,* 49 W. Va. 14. I call a jailer a deputy above. A deputy is only an agent of the sheriff. *Poling* v. *Maddox,* 41 W. Va. 781. A jailer is either a mere servant or deputy. What is the difference? For present purposes none. Whether he is a special deputy, with power only over the jail, or a general deputy with full powers as such to serve process, civil and criminal, we need not now say. In either case he is not a public officer. 9 Am. & Eng. Ency. L. 369, 379. If not a deputy he is simply a servant and removable at will. "The jailer is but a servant of the sheriff, and is not an officer." Crocker on Duties of Sheriffs, 314.

We are cited *Jackson* v. *Anderson,* 4 Wend. 474. Property was sold by the sheriff under execution. A statute provided that a sheriff or his deputies should not buy at execution sales.

The purchaser was an assistant to the jailer. It was held that this under jailer was not a deputy. It does not decide that the jailer could buy. Our statute merely adds an oath of a jailer not required by common law, and gave express validity to his bond to the sheriff-wise provision. I do not see that it had other purpose. The oath does not make him an officer, for all deputies must take it.

It is suggested that there was no evidence that Salisbury collected the county orders. If collected, *assumpsit* would lie for money had and received. But Salisbury broke the contract by refusing to allow Stephenson to get the orders or collect them, and had either collected them or converted them to his use. If we say it was tortious to take and convert to his use by detention the orders, Stephenson could sue for conversion, perhaps in detinue, or waive the tort and sue in *assumpsit* for the value of the orders. *Maloney* v. *Barr,* 27 W. Va. 381; 17 Ency. Pl. & Prac. 368.

Therefore, we affirm the judgment.

*Affirmed.*