**GENERAL TRANSISTOR CORP.,**
Plaintiff,

v.

**Charles PRAWDZIK and Telefon A.B.L.M.**
**Ericsson, Defendants.**

United States District Court
S. D. New York.

Sept. 18, 1957.

Paul Lewin, New York City, for plaintiff.

Ravin & Ravin, Newark, N. J., for Charles Prawdzik.

WEINFELD, District Judge.

The individual defendant moves, pursuant to Rule 12b (7) of the Federal Rules of Civil Procedure 28 U.S.C.A. to dismiss this action for failure to join Industro Transistors, Inc. an alleged indispensable party. The joinder of the corporation would render the Court with-

**2**

out jurisdiction since it, as the plaintiff, is a citizen of New York.

The suit seeks damages and injunctive relief by reason of the disclosure by the individual defendant to Industro Transistors, Inc. by whom he is now employed of secret processes and trade secrets allegedly acquired while employed by the plaintiff. Other causes of action charge the individual defendant, Telefon A. B. L. M. Ericsson, a Swedish corporation and Industro Transistors, Inc. with conspiracy the effect of which was to cause the individual defendant to breach his duty of fidelity to the plaintiff and to divulge plaintiff's trade secrets.

 In sum, the complaint under the respective claims charges the defendants with tortious conduct, which if sustained would entitle plaintiff to monetary damages and injunctive relief. A litigant is not required to sue all those whom he charges with wrongful conduct. As I said in Robbins Music Corp. v. Alamo Music, D.C.S.D.N.Y., 119 F.Supp. 29, 31, "It is hornbook law that an aggrieved party is not compelled to sue all tort-feasors. He may sue one or more or all of them, at his discretion". And the rule is the same whether the action is one at law or in equity.[1] The plaintiff was within its rights in deliberately omitting Industro Transistors, Inc. one of the alleged joint tort-feasors as a defendant to save diversity jurisdiction. Cf. Republic of Italy v. De Angelis, D.C. S.D.N.Y., 111 F.Supp. 216, 220. The basic question is whether or not justice can be done and the Court's decree made effective without the presence of the alleged indispensable party.

 I am of the view that the answer is in the affirmative and that Industro Transistors, Inc. is not, within the meaning of the cases and the purpose of the rule, an indispensable party. Here, if the plaintiff should succeed in establish-

ing its claim, the Court's decree against the individual defendant enjoining him from continuing to disclose any secret matter acquired during the course of his employment by plaintiff, whether he was still in the employ of Industro Transistors, Inc. or any other corporation would effectively enforce plaintiff's rights and together with any money judgment awarded against the individual defendant as damages, grant it full relief. Plaintiff may, of course, have a claim against the corporate defendant which can be enforced in another forum, but that does not debar it from asserting its claim against the individual defendant in this jurisdiction.

The motion to dismiss for the absence of an indispensable party is denied. So too is the motion to make the complaint more definite and certain. The defendant is clearly in a position to prepare his answer. The pre-trial and discovery procedure should be availed of to obtain details of plaintiff's claim.

Settle order on notice.

---

1. State of Georgia v. Pennsylvania R. Co., 324 U.S. 439, 463, 65 S.Ct. 716, 89 L. Ed. 1051; News, Inc., v. Buescher, D.C.

N.D.Ill., 81 F.Supp. 741; Martin v. Chandler, D.C.S.D.N.Y., 85 F.Supp. 131; Moore, Federal Practice ¶¶19.07, 19.14.