Philip Sherman **MORRELL, Plaintiff,**

v.

**James McFARLAND, etc., et al., Defendants.**

**Civ. A. No. 81–0344–E(H).**

United States District Court, N. D. West Virginia, Elkins Division.

Dec. 10, 1981.

---

Philip Sherman Morrell, pro se.

Carl P. Bryant, Pros. Atty., St. Marys, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the Sheriff, Jailor, and Commissioners of Pleasants County, West Virginia, to recover both compensatory and punitive damages for personal injuries allegedly sustained during a fire at the Pleasants County Jail. Defendants move this Court to dismiss this action for failure to state a claim upon which relief can be granted, pursuant to *Rule* 12(b)(6), Federal Rules of Civil Procedure, and for failure to join an indispensable party, pursuant to *Rule* 12(b)(7), Federal Rules of Civil Procedure. For the reasons set out below, this Court hereby GRANTS Defendants, Brammer's, McSweeney's, and Baker's, motion to dismiss, but DENIES Defendants, McFarland's and Brown's, motion to dismiss.[1]

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on February 3, 1981, Sheriff McFarland instructed his jailor that he was to no longer open the cell-block door for any reason without either Sheriff McFarland or an armed policeman being present. Plaintiff further alleges that the next evening, the State police brought Shirley Moore to the jail in a highly intoxicated and violent state. Before locking Moore up, the State police confiscated her cigarette lighter. Within an hour of the State police's departure from the jail, however, Defendant Brown, an unarmed jailor, gave Moore some cigarettes and a butane lighter.

Shortly, thereafter, Moore set fire to a mattress in her cell. Plaintiff alleges that Brown, with keys in hand watched Moore set the fire without making any effort to open her cell and extinguish the blaze. Due to Brown's alleged inaction, the fire spread and several plastic and rubber articles began to burn. As a result, the jail ventilation system immediately filled the men's section of the jail with dark, particle-filled smoke. Despite the prisoners' pleas, Brown refused to open the cell-block door until armed policemen arrived at the jail. Subse-

quently, though before the arrival of armed policemen, Brown did open the cell-block door to remove Robert Williams from his cell. However, Brown refused to remove any of the other prisoners from their cells.

As the prisoners' pleas continued, Plaintiff alleges that Brown threw his keys down a hallway and pretended to be overcome by smoke inhalation. Williams, finding the keys, removed Moore and Brown from the smoke-filled jail. Williams, however, refused to release the male prisoners from their cells until armed policemen arrived.

### II. FAILURE TO STATE A CAUSE OF ACTION AGAINST THE COUNTY COMMISSIONERS

W.Va.Code § 7–1–5 provides in pertinent part:

> It shall be the duty of the county commissioners of each county ... to inspect the jails, to arrange for the feeding and care of the prisoners therein ... [and] to provide for and have general supervision over the repair and maintenance of the county jails....

W.Va.Code § 7–3–2 provides in pertinent part:

> The county commission of every county, at the expense of the county, shall provide at the county seat thereof a suitable ... jail.... The county commission shall keep the ... jail in constant and adequate repair, and supplied with the necessary heat, light, furniture, record books, and janitor service.... All ... jails ... shall be built of stone and brick, or stone or brick or other equally fireproof materials....

W.Va.Code § 7–8–2 provides in pertinent part:

> The sheriff of every county shall be the keeper of the jail thereof, but he may, with the assent of the county court, appoint a jailor of the said county and may take from him a bond with security conditioned for the faithful performance of his duties.... He shall keep the jail in a clean, sanitary and healthful condition.

---

1. In considering Defendants' motion to dismiss, this Court must consider all of Plaintiff's allegations as true and refer only to the allegations existing in Plaintiff's complaint. *Parker v. Rockefeller*, 521 F.Supp. 1013, 1014 (N.D.W.Va. 1981).

The jailor, who may be appointed by the sheriff under this section, is the agent of the sheriff. *Stephenson v. Salisbury*, 53 W.Va. 366, 44 S.E. 217 (1903). The county commission has absolutely no control over the jailor who may be appointed by the sheriff under this section. *See* 44 Op.Att'y. Gen. 194 (1951).

In essence, therefore, the county commission is responsible for providing a secured, fireproof jail. The sheriff and his jailor, however, are charged with the safe day-to-day operation of that jail.

■ In the case at bar, Plaintiff has made no allegation which could lead this Court to conclude that the county commission has failed to maintain a jail which comports with the standards of either the Fourteenth Amendment or some other law of the United States.[2] Rather, Plaintiff merely complains of a discrete event in the day-to-day operation of the jail, the control of which is beyond the commissioners' legal authority. It is readily apparent, therefore, that Plaintiff's allegations do not state a cause of action under Section 1983 against the county commissioners.

Accordingly, this Court hereby ORDERS that Defendants, Brammer, McSweeney, and Baker, are DISMISSED from this action.

### III. PLAINTIFF'S CAUSE OF ACTION UNDER SECTION 1983 AGAINST THE JAILOR

■ In *Jenkins v. Averett*, 424 F.2d 1228, 1231–32 (4th Cir. 1970), the court held that

an individual has a right to be secure in his physical integrity and "[i]njuries arbitrarily inflicted by the police are constitutionally cognizable and remediable." In the case at bar, Plaintiff has made allegations of culpability which transcends mere negligence and which rise to the level of gross culpable negligence. Accordingly, Plaintiff has stated a cause of action under Section 1983 against Defendant, Brown, notwithstanding the Fourth Circuit's admonition "emphatically reject[ing] the spectre . . . that . . . [*Jenkins v. Averett*] contemplates a constitutional remedy for all state-perpetrated negligence."[3]

At trial, Brown may be able to avail himself of a good-faith immunity defense. *See Procunier v. Naverette*, 434 U.S. 555, 98 S.Ct. 855, 55 L.Ed.2d 24 (1978) (prison officials and correctional officers); *Douglas v. Muncy*, 570 F.2d 499 (4th Cir. 1978) (correctional officers). Defendant will have the burden of proving such a defense at trial.[4]

Accordingly, this Court hereby DENIES Brown's motion to dismiss.

### IV. PLAINTIFF'S CAUSE OF ACTION UNDER SECTION 1983 AGAINST THE SHERIFF

■ Though the doctrine of *respondeat superior* is generally inapplicable to Section 1983 actions,[5] the Fourth Circuit has held that an official may be liable for the acts of his subordinates if he fails to supervise[6] and control them. *Davis v. Zahradnick*, 600

---

2. This Court will entertain a Section 1983 action only where Plaintiff alleges that he has suffered a deprivation of some right secured by the Constitution or some other law of the United States. *Parratt v. Taylor*, 457 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Maine v. Thiboutot*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). "Other law of the United States" would include deprivation of a right secured by State law. *Johnson v. Duffy*, 588 F.2d 740, 743–44 (9th Cir. 1978).

3. *Jenkins v. Averett, supra*, at 1232.

4. *Gomez v. Toledo*, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *McCray v. Burrell*, 516 F.2d 357 (4th Cir. 1975). Since this de-

fense will involve Defendant's state of mind, this Court finds it inappropriate to rule on it as a matter of law at this stage of the proceedings. *Cf. Kipps v. Ewell*, 538 F.2d 564 (4th Cir. 1976).

5. *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).

6. This Court may look to State law to ascertain the sheriff's responsibility for the actions of his jailor. *Vinnedge v. Gibbs, supra*, n. 5; *Scott v. Vandiver*, 476 F.2d 238 (4th Cir. 1973). In West Virginia, the county jailor is exclusively the agent of the county sheriff. *See Stephenson v. Salisbury*, 53 W.Va. 366, 44 S.E. 217 (1903). *See also* 44 Op.Att'y.Gen. 194 (1951).

F.2d 458 (4th Cir. 1979). In the complaint,[7] Plaintiff makes allegations concerning Defendant, McFarland's, "untrained" jailor.

Accordingly, this Court hereby DENIES McFarland's motion to dismiss.

### V.   RULE 12(b)(7), FEDERAL RULES OF CIVIL PROCEDURE, MOTION TO DISMISS

A litigant is not required to sue all those whom he charges with wrongful conduct. Rather, when determining whether a complaint may be dismissed for failure to join an indispensable party, the court's primary concern is with whether or not justice can be done and the court's decree made effective without the presence of the unjoined party. *See e. g. General Transitor Corp. v. Prawdzik*, 21 F.R.D. 1 (S.D.N.Y. 1957). When Moore allegedly started the fire at the Pleasants County Jail, she was not acting under color of state law. As a result, Plaintiff's failure to join Moore in this Section 1983 action will not preclude this Court from eventually entering a decree in this action which will effectively serve the ends of justice. Accordingly, Defendants' motion to dismiss this action for failure to join an indispensable party is hereby DENIED.

---

7. This Court is required to hold *pro se* complaints to a less stringent standard of scrutiny than those drafted by attorneys. *See Cruz v.* *Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).