**THE TORRINGTON COMPANY,**
Plaintiff,

v.

**Mark YOST, Defendant.**

**Civ. A. No. 8:91–1599–20.**

United States District Court,
D. South Carolina,
Greenville Division.

Sept. 23, 1991.

---

Thornwell F. Sowell, J. Mark Jones, Columbia, S.C. (John M. Calimafde, Paul H. Blaustein and Zoltan Kerekes, New York City, and Robert T. Boyd, Torrington, Conn., of counsel), for plaintiff.

Elizabeth A. Carpentier, Columbia, S.C., and Donald M. Barnes, Washington, D.C., for defendant.

## ORDER

HERLONG, District Judge.

This is a trade secrets case. From 1982 to 1990, the defendant, Mark Yost ("Yost"), worked for the plaintiff, The Torrington Company ("Torrington"), manufacturing various types of bearings. While at Torrington, Yost signed an agreement not to divulge any secret or confidential information of Torrington. After leaving Torrington, Yost went to work for INA Bearing Company, Inc. ("INA") which produces the same type of bearings as Torrington. On June 4, 1991, Torrington filed suit against Yost seeking, among other things, an injunction limiting Yost's employment at INA for eighteen (18) months, and actual damages from the alleged use of Torrington's trade secrets. Yost moved to dismiss under Rule 19 of the Federal Rules of Civil Procedure for failure to join Yost's new employer, INA, as an indispensable party. Yost contends that INA's absence will prejudice him and impair INA's interests.

The issue before this court is whether INA is an indispensable party to this action under Rule 19. For the reasons set forth below, the court concludes that INA, Yost's new employer, is an indispensable party whose joinder would deny the court of diversity jurisdiction. Therefore, this case must be dismissed.

Fed.R.Civ.P. 19 requires a two-step analysis. The first part of the rule, subdivision (a), identifies the persons who should be joined if feasible. If joinder is not feasible, then subdivision (b) is applied to decide whether the case should be dismissed.

Under subdivision (a), a person should be joined when feasible [1] if nonjoinder would under (a)(1) deny complete relief to the parties present, or under (a)(2), impair the absent person's interest or prejudice the

---

1. Joinder is feasible when "A person ... is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action...." Fed.R.Civ.P. 19(a).

persons already parties by subjecting them to a risk of multiple or inconsistent obligations.

■ In the matter *sub judice,* 19(a)(2) is the pertinent subsection. Clearly subsection (a)(2) applies, and INA should be joined if feasible. INA has an employment contract with Yost, and its interest in his fulfilling that contract would be adversely affected if Torrington were granted an injunction preventing Yost from continuing to work for INA in his current position. In addition, there is a real possibility that if INA were not joined, Yost may be subject to inconsistent obligations. In order to obey a court order enjoining him from working for INA (or enjoining him from working on certain projects at INA), Yost may have to breach his employment contract with INA. Because Yost may be prejudiced if INA is not joined and INA has an interest which may be impaired in its absence, under Rule 19(a) the court is required to join INA as a party if feasible.

■ The sole basis for federal court jurisdiction in this action is diversity of citizenship. 28 U.S.C. § 1332. Both INA and Torrington are Delaware corporations. Joinder of INA would destroy diversity jurisdiction. Therefore, it is not feasible to join INA, and the court must consider Rule 19(b) to determine whether the action should proceed with the parties before it, or should be dismissed.

Rule 19(b) contains four factors which must be considered when deciding whether to dismiss the action: (1) to what extent a judgment rendered in the person's absence may be prejudicial to the person or those already parties; (2) the extent to which, by protective provisions in the judgment, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

The first factor weighs heavily in favor of dismissal. Torrington contends that INA is not an indispensable party and is at most a joint tortfeasor who would not be prejudiced by not being joined. In support of this position, Torrington points to *General Transistor Corp. v. Prawdzik,* 21 F.R.D. 1 (S.D.N.Y.1957) as a similar case involving trade secrets in which the new employer was not joined, and was held not to be an indispensable party. In *General Transistor,* however, the plaintiff was merely seeking a temporary injunction preventing the individual defendant from "continuing to disclose any secret matter...." 21 F.R.D. at 2. In the case at bar, Torrington is seeking to enjoin Yost from "working or consulting for INA for a period of eighteen (18) months, at any plant which makes thrust bearings or any supplier or subcontractor or tool designer involved with thrust bearings." Torrington is also asking the court to compel Yost "and those in privity with him, and those who became aware of any such injunction: ... To return to Torrington, all documents, computerized and non-verbal disclosures, and physical embodiments of Torrington's trade secrets and confidential information." The potential impact upon the new employer is significantly greater in the case here than in *General Transistor.* In addition, the risk that Yost would be subjected to inconsistent obligations is significant. As already discussed, if the court limits the type of work Yost may do for INA, Yost may have inconsistent obligations to an order of the court and to INA.

The second factor requires the court to consider the feasibility of protective provisions. The drastic remedy of dismissal need not be invoked if the court can fashion relief so that neither the parties nor the person not joined is prejudiced. Torrington contends that if the court merely enjoins Yost from working at INA plants which manufacture the bearings in question, Yost could still work for INA. There is no evidence before the court, however, that such a protective provision would protect Yost from breaching his employment contract. Even if such a provision protects Yost, it would not protect INA. INA would be limited in the manner in which it could use its employee. There is no reasonable means of protecting Yost and INA from

the prejudice they would suffer if INA were not a party.

Third, it is doubtful that any judgment Torrington receives would be adequate if INA were not made a party. Torrington's complaint is replete with references to INA. If Yost has revealed trade secrets to INA as Torrington fears, INA will be able to continue profiting from them if INA is not a party in this action. Even if Torrington is completely successful in this suit, if INA is not a party, INA cannot be prevented from using Torrington's trade secrets information.

Finally, another forum exists for the plaintiff. Torrington will not be left without a remedy if this action is dismissed. Torrington can sue both Yost and INA in state court.

The grounds for dismissal in this case are overwhelming. INA is clearly an indispensable party. Each of the four factors of Rule 19(b) indicates that dismissal is appropriate. If Torrington wishes to continue with this suit, it must do so in state court and join INA. For the foregoing reasons, this case is dismissed pursuant to Rule 19, Fed.R.Civ.P.

IT IS SO ORDERED.